## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**TRACY WRIGHT**                                                                    **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 5:15-CV-116-KS-MTP**

**LINCOLN COUNTY SCHOOL DISTRICT**                               **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff is a former employee of Defendant. She alleges that Defendant discriminated against her because of her disability. She asserted claims under the Americans with Disabilities Act ("ADA"),[1] Section 504 of the Rehabilitation Act,[2] and 42 U.S.C. § 1983. Defendant filed a Motion to Dismiss [24] Plaintiff's ADA claims. For the reasons below, the Court **grants** the motion.

### I. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."

---

[1] 42 U.S.C. §§ 12101, *et seq.*

[2] 29 U.S.C. § 794.

*Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). When considering a Rule 12(b)(6) motion, the Court may also consider documents referred to in the operative pleading and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## II. DISCUSSION

Defendant argues that Plaintiff's ADA claim should be dismissed because she failed to file a charge of discrimination with the EEOC within the statutory time period. In response, Plaintiff argues that the time period for filing a charge of discrimination with the EEOC should be equitably tolled.

The ADA incorporates Title VII's administrative prerequisites for filing suit in federal court. *See* 42 U.S.C. § 12117(a); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). Accordingly, an ADA claimant must file a charge of discrimination with the EEOC within 180 days after the alleged illegal conduct. *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999) (citing 42 U.S.C. § 2000e-5(e)(1)). The 180-day period acts as a statute of limitations. *Hood*, 168 F.3d at 232 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982)). Discrete employment actions, "such as termination, failure to promote, denial of

transfer, or refusal to hire," occurring more than 180 days before an EEOC charge is filed are not actionable. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15, 122 S. Ct. 2061, 153 L. Ed. 106 (2002).

In her Amended Complaint [21], Plaintiff alleged conduct occurring as late as April 14, 2015, the date on which Defendant declined to renew her teaching contract. However, she also alleged that Defendant's school board later denied her appeal of Defendant's decision. According to Plaintiff's charge of discrimination [21-1], the latest date of illegal conduct was June 29, 2015. For purposes of addressing the current motion, the Court will assume that Plaintiff has alleged June 29, 2015, as the latest date of discriminatory conduct. Defendant premised its motion on this assumption, and Plaintiff did not dispute it.

Therefore, Plaintiff was required to file a charge of discrimination with the EEOC within 180 days of June 29, 2015 – or by December 26, 2015. Plaintiff did not file a charge of discrimination with the EEOC until February 26, 2016.[3] "Filing a

---

[3]The handwritten date on the EEOC charge [21-1] is February 26, 2015. The record demonstrates – and Plaintiff apparently concedes – that this was a scrivener's error.
    First, the charge itself demonstrates that the date is incorrect because it refers to events that occurred after February 26, 2015. Plaintiff charged that Defendant declined to renew her teaching contract, and she later alleged that decision occurred on April 14, 2015. Plaintiff also charged that the latest date of discrimination was June 29, 2015.
    More importantly, Plaintiff appears to concede that the charge was actually filed on February 26, 2016. Defendant filed its first Motion to Dismiss [8] on February 5, 2016, arguing that Plaintiff had not filed a charge of discrimination with the EEOC. In her response [12], Plaintiff admitted that she filed this suit prior to filing a charge of discrimination with the EEOC. She also made a cursory argument that her time to file a charge should be equitably tolled – an argument

timely charge is a prerequisite to having an actionable claim." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009). Therefore, as Plaintiff failed to file a timely charge of discrimination with the EEOC, she has no actionable ADA claim.

Plaintiff argues that the statutory time period should be equitably tolled. "The limitations period for filing a discrimination charge with the EEOC . . . may be tolled by equitable modification. Equitable tolling, however, is a narrow exception . . . that should be applied sparingly." *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011). The Fifth Circuit has "identified three potential bases for equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Manning v. Chevron Chem. Co. LLC*, 332 F.3d 874, 880 (5th Cir. 2003).

"Courts have typically extended equitable tolling where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). The Fifth Circuit has "considered it relevant whether the plaintiff took some step recognized as important by the statute before the end of the

---

that would not be necessary if she had actually filed the charge a year earlier, on February 26, 2015. Likewise, in her response [30] to Defendant's latest Motion to Dismiss [24], Plaintiff did not dispute Defendant's contention that the charge was filed on February 26, 2016, and she devoted her briefing to arguing that the time period should be equitably tolled, an argument that would be unnecessary if the charge had been filed in February 2015.

4

limitations period." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). However, a plaintiff is "bound by the acts of his lawyer-agent . . . ," and "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Harris*, 628 F.3d at 240 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 97, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1998)).

In short, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). "The party who invokes equitable tolling bears the burden of demonstrating that it applies in his case." *Manning*, 332 F.3d at 880.

Plaintiff has not demonstrated that any of the three potential bases of equitable tolling outlined in *Manning*, 332 F.3d at 880, are applicable here. There is no suit between the same parties pending in another forum, and Plaintiff does not claim to have been unaware of the facts supporting her claim. Indeed, her initial Complaint [1] from December 2015 would belie such a claim. Plaintiff does not claim to have been misled by Defendant, the EEOC, or any other party concerning her right to bring suit. She has not provided any evidence of an "extraordinary circumstance" preventing her from filing a timely charge of discrimination. *Pace*, 544 U.S. at 418. In fact, Plaintiff has not provided any explanation whatsoever for her failure to file a timely charge of discrimination, leading the Court to believe that either Plaintiff or her counsel simply

5

forgot to file the charge or were unaware that Title VII's administrative requirements applied to ADA claims.

"[S]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *AMTRAK v. Morgan*, 536 U.S. 101, 108, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). Plaintiff has offered no explanation whatsoever for her failure to file a timely charge of discrimination, and "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Harris*, 628 F.3d at 240. Likewise, she has provided no evidence of any "extraordinary circumstance" preventing her from filing a timely charge of discrimination. *Pace*, 544 U.S. at 418. The Court grants Defendant's Motion to Dismiss [24].

### III. CONCLUSION

For the reasons above, the Court **grants** Defendant's Motion to Dismiss [24]. Plaintiff's ADA claim is dismissed with prejudice.

SO ORDERED AND ADJUDGED, on this, the 27th day of September, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE